**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT G. KABLE** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 07-CV-1131** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **TRINITY FINANCIAL CORP., et. al.,** | : | **Magistrate Judge King** |
| | : | |
| **Defendants.** | | |

**OPINION & ORDER**

## I.  INTRODUCTION

This matter is before the Court on Defendants Trinity Financial Corporation and Richard Andolshek's Motion to Dismiss Plaintiff Robert Kable's complaint.  Kable brought direct and derivative claims against Defendants for breach of fiduciary duty, conversion of corporate assets, and unjust enrichment.  Defendants urge the Court to dismiss Kable's complaint because: (1) the Court cannot join an indispensable party to this action without destroying diversity jurisdiction; (2) Kable failed to properly plead a shareholder derivative claim; and (3) Kable has no direct cause of action against them.  For the reasons set forth below, the Court **DENIES** Defendants' Motion to Dismiss with respect to Plaintiff's derivative claim but **GRANTS** it with respect to his direct claim.  The Court also **JOINS** Scriptel, Inc., as a Plaintiff to this action.

## II.  BACKGROUND

Kable and Andolshek are co-owners of Scriptel, a close corporation.  Each is an officer: Kable serves as president, Andolshek as vice-president.  On September 18, 2007, Andolshek wired $125,102.50 from Scriptel's corporate checking account to Trinity Financial, his consulting company, ostensibly for services rendered.  Kable alleges that Andolshek stole the

money and brought a derivative claim on behalf of the corporation for $125,102.50 against

Defendants in Ohio state court.  Kable also brought, in the alternative, a direct claim against

Andolshek for breach of fiduciary duty requesting $62,551.25 in compensatory damages.

Defendants removed the action to this Court and now move to dismiss the complaint.

### III.  STANDARD OF REVIEW

In adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court is limited to evaluating whether the complaint sets forth allegations sufficient to make out

the elements of a cause of action.  *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.

1983).  The Court must "construe the complaint in the light most favorable to the plaintiff,

accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Although liberal, this standard of

review "requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, -- U.S. --,

127 S.Ct. 1955, 1964-65 (2007).  A "formulaic recitation of the elements of a cause of action

will not do. . . ."  *Id.*  Rather, a plaintiff's factual allegations must "raise a right to relief above

the speculative level."  *Id.* at 1974.  The complaint must give defendants "fair notice of what the

plaintiff's claim is and the grounds upon which it rests."  *Gazette v. City of Pontiac*, 41 F.3d

1061, 1064 (6th Cir. 1994).

### IV.  LAW AND ANALYSIS

Defendants move to dismiss the complaint on the grounds that: (1) Scriptel is an

indispensable party to this litigation which cannot be joined without depriving the Court of

diversity jurisdiction; (2) Kable lacks standing to bring a derivative claim because he failed to

make pre-suit demand on Scriptel to litigate this cause of action; and (3) Kable has no cognizable

direct claim against Andolshek for breach of fiduciary duty.

## A.  SUBJECT MATTER JURISDICTION

It is axiomatic that federal courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  As a matter of statutory construction, diversity jurisdiction requires that no defendant share state citizenship with any plaintiff.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Litigants "seeking to evade the complete-diversity rule may attempt to maintain federal jurisdiction by failing to name persons or entities that have an interest in the litigation or otherwise should be named."  *Glancy v. Taubman Ctr., Inc.*, 373 F.3d 656, 665 (6th Cir. 2004).  As a prophylactic, Federal Rule of Civil Procedure 19(b)[1] permits the Court to dismiss an action where joinder of an indispensable party will deprive the Court of subject matter jurisdiction.

A party is "only indispensable within the meaning of Rule 19, if (1) it is necessary; (2) its joinder cannot be affected; and (3) the court determines that it will dismiss the pending case without the absentee."  *Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005); *W. Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990).  Defendants contend that Scriptel is a

---

[1]Federal Rule of Civil Procedure 19(b) provides:

[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

necessary party to this litigation and that the company cannot be joined without destroying diversity jurisdiction.[2]  As such, Defendants urge the Court to dismiss this suit.

### 1.  Necessary Party

A party must be joined if it (1) claims "an interest relating to the subject of the action and (2) is so situated that the disposition of the action in its absence may (i) as a practical matter to impair or impede its ability to protect that interest or (ii) leave [Defendants] subject to a substantial risk of incurring double . . . obligations." Fed. R. Civ. P. 19(a)(2); *see Am. Express Travel Related Serv.'s Co., Inc. v. Bank One*, 195 F. App'x. 458, 461 (6th Cir. 2006).  Scriptel clearly has an interest in recovering the $125,102.50 that its vice-president allegedly stole.  Indeed, it is well settled that the "corporation is a necessary party to [a derivative] action; without it the case cannot proceed." *Ross v. Bernhard*, 396 U.S. 531, 539 (1970); *accord Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 787 (6th Cir. 1977).  The corporation is the real party in interest to a derivative claim.  The proceeds "of the action belong to the corporation and it is bound by the result of the suit." *Ross*, 396 U.S. at 539; *see also Hooper*, 396 F.3d at 748 (holding that a limited partnership was a necessary party to a general partner's derivative action against his co-owner).  The same considerations necessitate Scriptel's joinder here.

### 2.  Joinder

Kable shares Ohio citizenship with Scriptel.  If joined, Defendants argue that Scriptel must be aligned as a defendant and would therefore deprive the Court of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).  Parties "to a lawsuit are, as a general rule, aligned for jurisdictional purposes in accordance with their real interests in the matter in controversy." *Reed v. Robilio*,

---

[2]Defendants mischaracterize this issue as a lack of standing.

-4-

376 F.2d 392, 394 (6th Cir. 1967) (citing *Steele v. Culver*, 211 U.S. 26, 29 (1908)).  The alignment of the parties is a "practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Smith v. Sperling*, 354 U.S. 91, 97 (1957).  It is the responsibility of the Court to align the parties in accordance with the "collision of interests" and the "purpose of the suit." *Indianapolis Gas v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

The corporation "should be aligned as a plaintiff in a stockholder's derivative action since as the real party in interest it stands to benefit from a successful suit." *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983); *Schmidt v. Esquire, Inc.*, 210 F.2d 908, 914 (7th Cir. 1954).  But if the corporation's management is antagonistic to the derivative claim, it is properly aligned as a defendant.  *Doctor v. Harrington*, 196 U.S. 579, 584 (1905).  Typically, there "will be antagonism between the stockholder and the management where the dominant officers and directors are guilty of fraud or misdeeds." *Reed*, 376 F.2d at 395.

Scriptel is not hostile to Kable's claims.  The corporation is deadlocked because Kable and Andolshek each own fifty percent of the company's shares.  The divergent interests of the controlling stakeholders mean that Scriptel can neither endorse nor oppose Kable's derivative action.  Where corporations are so handcuffed, courts do not construe their inertia as antagonism to a derivative suit. *See, e.g., Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974) (holding that a corporation is not antagonistic where the company does not, would not, or cannot express opposition to the initiation of the lawsuit); *Netwolves Corp. v. Sullivan*, No. 00 Civ. 89432001, 2001 WL 492463, at *6 (S.D.N.Y. May 9, 2001) (aligning the corporation as a plaintiff where defendant's refusal to appear at a board meeting to create a quorum prevented the corporation from filing suit); *Gibson v. BoPar Dock Co.*, 780 F. Supp. 371, 375 (W.D. Va. 1991) (holding

-5-

that if the shareholders of a corporation are evenly divided and deadlocked, the corporation is not actively opposed to the litigation and is therefore aligned with the plaintiff's interests).

This case is no different.  The "principal purpose of the suit," *Indianapolis Gas*, 314 U.S. at 69, is to recover money that Andolshek allegedly stole from Scriptel's checking account. Defendants insist that Scriptel unlawfully withheld payment for Andolshek's consulting services and that the wire transfer was necessary to pay the Scriptel's debts to them.  The "collision of interests" pits Scriptel against Defendants.  *United States Fid.& Guar. Co. v. Thomas Solvent, Co.*, 955 F.2d 1085, 1091 (6th Cir. 1992).   Accordingly, the Court hereby **JOINS** Scriptel to this litigation and aligns the corporation as a plaintiff, which does not deprive the Court of diversity jurisdiction.

## B.  STANDING

### 1.  Demand

Defendants contend that Kable lacks standing to bring a derivative claim because he did not make pre-suit demand on Scriptel to initiate this suit.  Kable counters that any such request would have been futile.  Federal Rule of Civil Procedure 23.1(b) provides for heightened pleading requirements for derivative actions.  The complaint must:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law; (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and (3) state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b).  If a plaintiff fails to comply with these pleading requirements, he has no standing to bring suit.  *Davis v. DCB Financial Corp.*, 259 F. Supp. 2d 664, 669 (S.D. Oh. 2003).

Even where a plaintiff brings a shareholder derivative action under federal law, the Court must apply the substantive law of the company's state of incorporation to determine whether his failure to make demand is excused.  *In re Ferro Corp. Der. Lit.*, 511 F.3d 611, 617 (6th Cir. 2008) (citing *Kamen v. Kemper Fin. Serv.*'s, *Inc.*, 500 U.S. 90, 108-09 (1991)).

Under Ohio law, "the directors of a corporation are charged with the responsibility of making decisions on behalf of the corporation and are the proper parties to bring a suit on behalf of the corporation or, in their business judgment, to forego a lawsuit."  *Drage v. Proctor & Gamble*, 694 N.E.2d 479, 482 (Ohio Ct. App. 1997).  No "shareholder has an independent right to bring suit [on behalf of the corporation] unless the board refuses to do so *and* that refusal is wrongful, fraudulent, arbitrary, or is the result of bad faith or bias on the part of the directors."  *Id*.  The demand requirement is akin to procedural exhaustion: "management must be given the first opportunity to institute the litigation since, as a general principle, the responsibility for determining whether a corporation should use the courts to enforce a cause of action is, like other business questions, ordinarily a matter of internal management left to the discretion of the directors."  *Carlson v. Rabkin*, 789 N.E.2d 1122, 1128 (Ohio Ct. App. 2003).

There is an exception.  A shareholder need not make demand before initiating a derivative suit if such a request would be futile.  *Id*. at 1128-29.  Demand is unnecessary where the directors "cannot properly exercise their business judgment in determining whether the suit should be filed."  *Id.*  Merely alleging futility is not enough.  Because Ohio law presumes "that directors can make an unbiased, independent business judgment about whether it would be in the corporation's best interests to sue some or all of the other directors," a plaintiff must state with particularity the reasons for foregoing the demand requirement.  *Grand Council of Oh. v. Owens*,

-7-

658 N.E.2d 234, 239 (1993).

Defendants argue that Kable failed to plead futility with particularity.  They are mistaken.
Kable pleaded that demand would be futile because Andolshek is the only other director and
would never consent to this suit.  The complaint alleges that Andolshek stole $125,102.50 from
Scriptel.  It is no great leap to suggest that Andolshek would not authorize a suit accusing him of
theft and demanding repayment of funds to which Andolshek believes he is lawfully entitled.
Ohio courts have held that demand is presumptively futile "where the directors are antagonistic,
adversely interested, or involved in the transactions attacked." *Bonacci v. Oh. Highway Express,
Inc.*, No. 60825, 1992 WL 181682, at *4  (Ohio Ct. App. July 30, 1992).  Demand is also
excused "when all directors are named as wrongdoers and defendants in a suit, when there is
self-dealing by the directors such that the directors gain directly from the challenged
transactions, or when there is domination of non-defendant directors by the defendant directors."
*Ferro*, 511 F.3d at 618 (citing *Carlson*, 789 N.E.2d at 1128).  As such, to have standing, Kable
need not have made demand upon a director whose very conduct he attacks and whose interests
are diametrically opposed to this action.[3]

## 2.  Interests of Shareholders

Ohio Rule of Civil Procedure 23.1 also requires a plaintiff in a derivative action to show
that he fairly and adequately represents the interests of other similarly situated shareholders.
*Weston v. Weston Paper & Mfg. Co.*, 658 N.E.2d 1058, 1060 (Ohio 1996).  Defendants contend

---

[3]Defendants also suggest that Kable should have made demand on Scriptel's newly
appointed corporate council.  But neither Federal Rule of Civil Procedure 23.1 nor Ohio Rule of
Civil Procedure 23.1 require that a derivative plaintiff consult or make demand upon corporate
counsel, who cannot authorize the corporation to sue errant directors without the board's
approval.

-8-

that Kable does not represent the interests of the other shareholders.  They are correct.  There is only one other shareholder.  Kable certainly does not represent Andolshek's interests: he is suing Andolshek for breach of fiduciary duty, unjust enrichment, and conversion.  The commonality-of-interests requirement is necessary where a plaintiff is suing on behalf of a class of similarly situated shareholders.  Where there are only two equal shareholders and one sues the other, this rule is inapplicable.  *See, e.g., HER, Inc. v. Parenteau*, 770 N.E.2d 105, 112 (Ohio Ct. App. 2002).  Kable complied with both state and federal pleading requirements and thus has standing to bring the derivative claims against Defendants.

### C.  DIRECT CAUSE OF ACTION

Finally, Defendants contend that Kable lacks standing to bring a direct claim against Andolshek for breach of fiduciary duty.  Where Defendants' "wrongdoing results in damage to a corporation, the cause of action accrues to the corporation rather than to its individuals." *Gensemer v. Hallock*, 707 N.E.2d 1156, 1160 (Ohio Ct. App. 1997).  Typically, shareholders only have standing to bring a direct cause of action if they suffer an injury separate and distinct from that suffered by the company.  *Crosby v. Beam*, 548 N.E.2d 217, 219 (Ohio 1989).  But Ohio law permits "claims of breach of fiduciary duty alleged by minority shareholders against shareholders who control a majority in a close corporation."  *Id*.  The rationale is simple.  If a "minority shareholder in a close corporation were required to institute a derivative rather than a direct action, then any recovery would accrue to the corporation and remain under the control of the very parties who are defendants in the litigation."  *Gensemer*, 707 N.E.2d at 1160.

Kable, however, is not a minority shareholder.  As president of Scriptel, Kable would have as much right and opportunity to exercise control over any judgment as Andolshek.

Predictably, the minority-shareholder exception is inapplicable to cases in which there are no minority shareholders. *Id*. at 1160. Undoubtedly, Ohio courts impose a "heightened fiduciary duty in cases where the actors are equal shareholders" of a close corporation. *Morrison v. Gugle*, 755 N.E.2d 404, 414 (Ohio Ct. App. 2001). But Ohio law still presumes that injuries to a corporation are cognizable as derivative, not direct claims. *See Crosby*, 548 N.E.2d at 219.

The authorities upon which Kable relies to support his right to bring a direct claim against Andolshek are distinguishable from this case. In *Gensemer*, 707 N.E.2d at 1160, the Ohio Court of Appeals permitted plaintiffs, who owned fifty percent of a close corporation, to recover on a direct claim against their co-owners because the corporation ceased to exist years before plaintiffs discovered the breach of fiduciary duty. The court reasoned that to require plaintiffs to pursue a derivative claim on behalf of a long-dead corporation was a "considerable waste of judicial resources." *Id. See also Stumpff v. Harris*, No. 21407, 2006 WL 2640232 (Ohio Ct. App. Sept. 15, 2006); *DeHoff v. Veterinary Hosp. Operations of Cent. Oh.*, No. 02AP-454, 2003 WL 21470388, at *13 (Ohio Ct. App. June 26, 2003) (the court ordered direct recovery from plaintiff's co-owner because a lower court had already dissolved the corporation). In these cases, Ohio courts permitted direct claims in lieu of derivative actions because the corporation no longer existed. Scriptel remains a going concern. To allow Kable to recover individually for injuries to the corporation would bypass creditors who might have a claim to Scriptel's assets. Direct and derivative claims are not, as Kable suggests, interchangeable. The corporate form, even that of a close corporation, is more than just a fiction. The same legal construct that protects Kable from personal liability in the event that the corporation falters cannot be cast aside when the corporation profits. Kable alleges no injury separate and distinct

-10-

from that of Scriptel. His claim is properly cognizable as derivative, not direct. The Court

therefore **GRANTS** Defendants' Motion to Dismiss Kable's direct claim against Andolshek for

breach of fiduciary duty.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss with

respect to Plaintiff's derivative claim but **GRANTS** it with respect to Plaintiff's direct claim.

The Court also **JOINS** Scriptel as a Plaintiff to this action.

**IT IS SO ORDERED**.

                                              \_\_\_**s/Algenon L. Marbley**\_\_\_
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**Dated: March 11, 2008**